IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GEORGE CUSTER,                       )
                                     )
                Plaintiff,           )
                                     )
     v.                              )     1:24-CV-306
                                     )
DOVENMUEHLE MORTGAGE,                )
INC.,                                )
                                     )
                Defendant.           )

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

In connection with a summary judgment motion, the parties filed two exhibits and briefs under temporary seal, pursuant to Local Rule 5.4 and asked that the Court order ongoing sealing. The motions to seal are denied because they do not meet the First Amendment standard for sealing documents at the summary judgment stage.

   I.   Notice

Before sealing judicial records, the district court must give the public notice and a reasonable opportunity to challenge the request to seal. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004); *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014). The motions to seal have been on the docket for several weeks. Doc. 56 (filed October 22, 2025); Doc. 70 (filed November 19, 2025). Public notice is satisfied when the court dockets the request to seal "reasonably in advance of deciding the issue." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988) (cleaned up); *see also Mears v. Atl. Se. Airlines, Inc.*, No. 12-CV-613, 2014 WL 5018907, at *2 (E.D.N.C.

Oct. 7, 2014) ("The filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request to seal." (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

## II. Judicial Records

The public has a right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("The courts of this country recognize a general right to inspect and copy judicial records and documents." (cleaned up)). Documents filed with the court are judicial records to which a public right of access attaches "if they play a role in the adjudicative process or adjudicate substantive rights, such as when they were filed with the objective of obtaining judicial action or relief." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 171 (4th Cir. 2024) (cleaned up). All of the materials here— an exhibit, a portion of an exhibit, and portions of two briefs, all relating to summary judgment motions—were filed with the objective of obtaining judicial action and all are judicial records to which the public has a right of access.

## III. Right of Access

The public's right of access derives from the First Amendment and the common law. *Id.* at 170–71; *Wash. Post*, 386 F.3d at 575. When a party asks to seal judicial records, courts "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Wash. Post*, 386 F.3d at 576 (cleaned up).

The First Amendment right of access applies to judicial records related to summary judgment motions and can only be restricted if there is "a compelling

governmental interest" that is "narrowly tailored." *See Pub. Citizen*, 749 F.3d at 266 (cleaned up). Materials related to a summary judgment motion are "important to the public understanding of the court's summary judgment decision" and to public oversight of the courts. *Huntley v. Crisco*, No. 18-CV-744, 2020 WL 9815384, at *1–2 (M.D.N.C. Sep. 25, 2020); *see also Pub. Citizen*, 749 F.3d at 267. Public access promotes the institutional integrity of the judicial branch, ensures basic fairness, and deters official misconduct. *See Pub. Citizen*, 749 F.3d at 263; *Oberg*, 105 F.4th at 172–73.

To determine whether a motion to seal should be granted despite the First Amendment right of access, courts evaluate: (1) whether sealing the information serves a compelling interest, (2) whether in the absence of sealing, there is a substantial probability that the compelling interest will be harmed, and (3) if no alternatives would adequately protect the compelling interest. *See United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020). The compelling interest must be "narrowly tailored," and the moving party must present "specific reasons that justify restricting access to the information; conclusory assertions are not sufficient." *See Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 15-CV-274, 2017 WL 6001818, at *3 (M.D.N.C. Dec. 4, 2017) (cleaned up); *see also Pub. Citizen*, 749 F.3d at 270; *Wash. Post*, 386 F.3d at 575 (holding moving party must "present specific reasons in support of its position").

IV. **Discussion**

Pursuant to Local Rule 5.4 and a court order establishing how motions to seal are handled in this case, the plaintiff filed the brief and exhibits with both (a) his redactions, along with a brief and evidence supporting the motion to seal, and (b) the redactions as

3

initially claimed by DMI during discovery. *See* Doc. 56 (motion to seal); Docs. 57–59 (temporarily sealed unredacted versions of brief and all exhibits); Doc. 55 and attachments (publicly available version, redacted and with placeholders). As to the latter, it then became DMI's duty to support the motion to seal as it related to DMI's claims of confidentiality with evidence and a brief. *See* LR 5.4(c)(4)(b). DMI has filed a brief and evidence and has also narrowed its request to seal.

DMI also filed a motion to seal some parts of its brief in opposition to the plaintiff's motion for summary judgment. *See* Doc. 70 (motion to seal); Doc. 69 (sealed unredacted version of brief).

### A. Mr. Custer's Request to Seal Exhibit L to His Motion for Summary Judgment

This exhibit is a one-page document showing Mr. Custer's bank account transactions, including two payments to DMI. Doc. 59 at 78 (sealed copy); Doc. 55-1 at 111 (placeholder on the public record). Beyond this relevant information, the exhibit includes the name of his bank, a portion of his account number, available funds in the account, and transactions unrelated to this litigation. Doc. 59 at 78. None of this personal information appears relevant to the motion for summary judgment, and Mr. Custer could and should have redacted that information when he filed the exhibit. *See* L.R. 5.4(a)(3) ("Sealed documents should not be filed unless necessary for determination of the matter before the Court. If only non-confidential portions of a document are necessary, only those portions should be filed, immaterial portions should be redacted, and no motion to seal should be filed.").

4

Case 1:24-cv-00306-CCE-LPA    Document 75    Filed 01/07/26    Page 4 of 7

Moreover, the amounts of the two payments to DMI are relevant and there is no reason to seal that information. To this extent, the motion to seal is overbroad.

Ordinarily, the Court denies overbroad motions to seal. *See* Doc. 6 ¶ 7(a) ("Overbroad or unsupported motions will be denied without a second chance."). Here, that would make Mr. Custer's personal banking information publicly available. To avoid that, the Court has looked for other options. Going forward, counsel should be more careful.

There are different ways to solve the problems created by the way the plaintiff filed this exhibit. For simplicity and, perhaps, clarity, the plaintiff shall provide a new copy of Doc. 59 with irrelevant material redacted in the bank record, Exhibit L on ECF page 78, to the Court Operations Manager, who shall substitute this new copy for the currently-filed version of Doc. 59. With those redactions, sealing that page of Doc. 59 is not necessary. Nor is it necessary to maintain other parts of Doc. 59 under seal, for other reasons stated *infra*, so Doc. 59 shall then be unsealed.

### B. DMI's Request to Seal Portions of Mr. Custer's Brief, Exhibit D to His Motion, and Its Response Brief

DMI seeks to seal information about the amount it pays ACI to process the phone payments, fee exceptions, ACI invoices, ACI contracts, and information about the types of loans for which DMI charges the pay-to-pay fees. Doc. 57 at 10, 16–17, 21 (sealed version); Doc. 59 at 17, 19–20 (sealed version); Doc. 69 at 7, 15, 25 (sealed version). The Court permitted much of this information to be sealed at the class certification stage. Doc. 62 at 4, 6; Doc. 66 at 3. But it also stated that "[t]he amount paid to ACI is relevant

and would be helpful to public understanding. It is likely to become public if this litigation proceeds." Doc. 62 at 4. As discussed above, the public's interest in transparent court proceedings is higher at summary judgment, and the weighing of the public's interest against DMI's interest shifts.

A key common question in this litigation is whether the fees DMI charges when a customer wants to pay by phone are illegal under the North Carolina Debt Collection Act or the North Carolina Unfair and Deceptive Trade Practices Act. Doc. 74 at 11. In his summary judgment brief, Mr. Custer makes extensive arguments about the excessiveness of this fee, *see* Doc. 55 at 21–24, and DMI spends time rebutting these arguments. Doc. 68 at 25. Evidence of what it costs DMI to provide this service in relation to what it charges consumers is relevant to the summary judgment decision and public access to that information is necessary for public understanding of this case and, ultimately, of the Court's resolution of the matters at issue. DMI has not shown that hiding from the public what it pays ACI for the pay-to-pay fees and related information serves a compelling interest. *See Pub. Citizen*, 749 F.3d at 266. Thus, this information will be unsealed.

It is **ORDERED** that:

1. The plaintiff's motion to seal, Doc. 56, is **DENIED** as follows:

   a. The plaintiff shall provide the Court Operations Manager with a corrected version of Doc. 59 with irrelevant material redacted from Exhibit L, Doc. 59 at page 78.

   b. The Clerk will substitute the revised version and then **SHALL UNSEAL** Doc. 59.

6

2. The defendant's motion to seal, Doc. 70, is **DENIED**.

3. The Clerk **SHALL UNSEAL** Docs. 57, 58, and 69.

This the 7th day of January, 2026.

_____
UNITED STATES DISTRICT JUDGE