**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| **GEORGE CUSTER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**DOVENMUEHLE MORTGAGE, INC.,**<br><br>*Defendant.* | Case No. 1:24-cv-00306-CCE-LPA<br><br>Chief District Judge Catherine C. Eagles<br>Magistrate Judge L. Patrick Auld<br><br>**JOINT DECLARATION OF KATHERINE M. AIZPURU, JAMES L KAUFFMAN, AND BENJAMIN M. SHERIDAN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

We, Benjamin M. Sheridan, James L. Kauffman, and Katherine M. Aizpuru, pursuant to 28 U.S.C. § 1746, declare as follows:

1. We are three of the attorneys appointed by the Court as Class Counsel in this action. Katherine M. Aizpuru is a Partner at Tycko & Zavareei LLP ("TZ") and is admitted *pro hac vice* before this Court. James L. Kauffman is a Partner at Bailey & Glasser LLP ("Bailey Glasser") and is admitted *pro hac vice* before this Court. Benjamin M. Sheridan is a member of Klein & Sheridan, LC PC ("Klein & Sheridan") and is admitted to practice before this Court.

2. We submit this joint declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement. We make this declaration based on our personal knowledge and the records of our law firms. We could and would testify competently to the matters set forth herein if called upon to do so.

3. We also submit this declaration to show, as required by Rule 23(e) of the

Federal Rules of Civil Procedure, that the proposed Settlement is fair, reasonable, and adequate; Class Counsel and the Class Representative have adequately represented the Class; the proposed Settlement was negotiated at arm's length; the proposed Settlement treats Class Members equitably relative to each other; and that the Notice Plan provides the best notice practicable under the circumstances.[1]

**EXHIBITS IN SUPPORT OF PRELIMINARY APPROVAL**

4. The following documents are submitted as exhibits to this Declaration and are cited or referenced in the Motion for Preliminary Approval of Class Action Settlement.

5. Attached as **EXHIBIT 1** is a true and correct copy of the Class Settlement and Release Agreement (the "Settlement Agreement") executed by the Parties, together with its exhibits. **Exhibit 1-A** is the proposed Long Form Notice that will be posted on the Settlement Website and emailed to Class Members for whom defendant Dovenmuehle Mortgage, Inc. ("DMI") provides an email address to the Settlement Administrator. **Exhibit 1-B** is the proposed Postcard Notice that will be mailed to Class Members for whom DMI did not provide an email address to the Settlement Administrator.

**CASE BACKGROUND**

6. Plaintiff filed this action on April 10, 2024, alleging that DMI violated the NCDCA, N.C. Gen. Stat. § 75-55(2), and the UDTPA, N.C. Gen. Stat. § 75-1.1, by charging borrowers pay-to-pay fees for making their mortgage payments by phone.

7. DMI moved to dismiss the Complaint. Dkts. 14-15. Plaintiff opposed. Dkt.

[1] All capitalized terms herein are defined as they are in the Class Settlement and Release Agreement submitted herewith.

20. On October 18, 2024, the Court denied DMI's motion to dismiss, and on November 1, 2024, DMI filed an Answer. Dkts. 23, 24.

8. On November 26, 2024, Counsel for the parties conducted the Rule 26(f) conference, and they filed a Rule 26(f) Report on December 6, 2024. Dkt. 27. The parties exchanged Initial Disclosures on December 10, 2024. The parties also negotiated a stipulated protective order, which the Court entered. Dkt. 28.

9. On December 9, 2024, Plaintiff served his First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production. DMI served responses and objections on January 8, 2025. The parties negotiated extensively regarding Plaintiff's discovery requests. Class Counsel drafted a deficiency letter and served it on March 13, 2025. Class Counsel served a follow-up letter on April 11, 2025. The parties met and conferred via teleconference on several occasions, including January 28, April 25, May 13, and June 5, 2025, and Class Counsel sent follow-up emails outlining the parties' agreements as to discovery. DMI ultimately produced thousands of pages of documents along with substantive responses to Plaintiff's discovery requests. DMI served amended responses and objections to Plaintiff's discovery requests on July 30, 2025, which Class Counsel reviewed and analyzed.

10. DMI served its First Set of Requests for Production, First Set of Requests for Admission, and First Set of Interrogatories on January 22, 2025. Plaintiff and his Counsel prepared responses and objections, which they served on February 21, 2025. Plaintiff also gathered and produced documents in response to DMI's discovery requests. DMI served a deficiency letter, and Class Counsel prepared and served a response. Following meet and

confer efforts, Plaintiff served supplemental discovery responses on May 12, 2025.

11. Plaintiff served a notice of deposition pursuant to Rule 30(b)(6) on June 16, 2025, listing fourteen topics, including numerous issues relevant to class certification and the merits. When DMI did not promptly identify a witness, Plaintiff followed up on July 8, July 16, and July 23. DMI ultimately provided dates for witnesses, and Class Counsel took DMI's deposition on August 8, August 11, and August 22, 2025. Plaintiff and his wife, Linda Pleasants, both sat for depositions in September 2025. Class Counsel traveled to rural North Carolina to prepare them and defend their depositions in person. Class Counsel also took the deposition of DMI's expert, Marcel Bryar.

12. On August 21, 2025, the parties mediated before Jill Sperber of Judicate West. The mediation was not successful, but the parties remained in contact with Ms. Sperber through the end of 2025 to continue discussing potential resolution.

13. On September 11, 2025, Plaintiff filed his Motion for Class Certification, accompanying memorandum, and supporting declaration and exhibits. Dkts. 43-44. Plaintiff also filed a Motion to Seal and a redacted version of the brief and exhibits. Dkt. 46. After DMI filed its opposition on October 2, 2025, Dkt. 50, Plaintiff filed a Reply Brief on October 16, 2025 along with a Motion to Seal and redacted versions, Dkts. 51-53.

14. On October 22, 2025, Plaintiff filed his Motion for Summary Judgment, accompanying memorandum, and supporting declaration and exhibits. Dkts. 54-55. Plaintiff also filed a Motion to Seal and a redacted version of the brief and exhibits. Dkts. 56-59. That same day, DMI also moved for summary judgment. Dkts. 60-61. The parties filed oppositions to the pending summary judgment motions on November 19, 2025. Dkts.

67-71. And the parties filed reply briefs on December 8, 2025. Dkts. 72-73.

15. The Court granted some portions of the parties' sealing motions and denied others. Dkts. 62, 66, 75. Plaintiff provided unredacted versions of certain documents to the Clerk in compliance with the Court's orders.

16. On December 18, 2025, the Court granted Plaintiff's Motion for Class Certification. Dkt. 74. Class Counsel then prepared a Joint Status Report on Notice Plan and Trial Schedule, with edits from DMI's Counsel. Dkt. 76. Class Counsel prepared a postcard notice to be mailed to class members and a long form notice to be emailed to Class Members and posted on the settlement website. Dkt. 76. The Court approved the notices on January 13, 2026. ILYM administered the class notice, and the parties notified the Court that notice was complete on February 10, 2026. Dkt. 84.

**MEDIATION AND SETTLEMENT NEGOTIATIONS**

17. On March 10, 2026, the parties mediated for a full day (eight hours) before the Honorable Gerald E. Rosen (Ret.) in person in Chicago. Prior to the mediation, the parties submitted detailed mediation statements and participated in pre-mediation telephone calls with Judge Rosen. Although the case did not settle that day, the parties agreed to reconvene for a second session.

18. In the following weeks, Class Counsel exchanged multiple emails and calls with Judge Rosen regarding the negotiations. On March 30, 2026, the parties reconvened before Judge Rosen in person in Chicago for a second full-day (eight-hour) mediation session. After hard-fought negotiations, the parties reached agreement as to all material terms, including the amount of the common fund and the injunctive relief. The parties did

not discuss attorneys' fees and costs or a service award until all material terms as to the Class had been resolved.

19. We entered the mediation sessions fully informed of the merits of the Class's claims and were prepared to continue to litigate through summary judgment and, if necessary, trial, rather than accept a settlement that was not in the Class's best interests. Class Counsel prepared the first draft of the Settlement Agreement, and the parties thereafter negotiated the precise terms and language of the Agreement now before the Court.

20. The Settlement was negotiated at arm's length and is the result of hard-fought negotiation between experienced and capable counsel on both sides.

**THE SETTLEMENT CLASS AND MONETARY BENEFITS**

21. The Settlement Agreement resolves claims of the Class that the Court has already certified: all persons (1) with a residential mortgage loan securing a property in North Carolina, (2) serviced or subserviced by DMI, (3) who paid a pay-to-pay fee to DMI when making a payment on their mortgage by telephone or an Interactive Voice Response system between April 10, 2020, and the date class notice was approved, January 13, 2026. *See* Ex. 1 § 4.1.

22. The Settlement Agreement provides for a non-reversionary Settlement Fund of $9,000,000. *See* Ex. 1 §§ 2.10, 3.32. Based on our analysis of the data produced by DMI, including the 13,427 pay-to-pay transactions identified by DMI during the Class Period, the Settlement Fund represents approximately $670 per fee paid. This recovery is well above the $500-per-violation statutory floor under the NCDCA and significantly exceeds

the per-fee recoveries obtained in the other pay-to-pay settlements of which we are aware. *See, e.g.*, *McFadden v. Mr. Cooper*, No. 20-cv-0166 (D.D.C.) (D.C. subclass received approximately $250 per fee); *Higginbotham v. Bank of America*, No. 23-cv-0375 (S.D.W. Va.) ($216 per fee); *Six v. LoanCare, LLC* (S.D.W. Va.) ($216 per fee); *Vannest v. Nationstar Mortg.*, No. 21-cv-0086 (N.D.W. Va.) ($220 per fee); *Prettyman v. U.S. Bank*, No. 22-cv-293 (N.D.W. Va.) ($200 per fee); *Cox v. New Rez, LLC d/b/a Shellpoint Mortg. Serv.*, 20-cv-0859 (S.D.W. Va.) ($216 per fee).

23. In addition to the monetary relief, and as a result of this lawsuit, DMI has agreed to cease collecting pay-to-pay fees from borrowers in North Carolina for a period of at least five years after the Effective Date of the Settlement. *See* Ex. 1 § 5.3.

24. The Settlement treats Class Members equitably relative to one another because recovery is based on the number of pay-to-pay fees each Class Member paid. Additionally, the injunctive relief will benefit all Class Members as well as future North Carolina borrowers whose loans are serviced or subserviced by DMI.

25. Based on our experience litigating consumer class actions generally, pay-to-pay actions specifically, and pay-to-pay cases involving statutory damages claims in particular, we believe the results obtained in this case are outstanding.

26. Although we believe the Class's claims are strong, every case involves litigation risk. DMI's motion for summary judgment is fully briefed. Even if we were to defeat that motion, the Class could potentially face an adverse ruling at trial or a statutory damages award below what we negotiated. The Class would also face the risks and delay of appellate review. The Settlement, if approved, will provide a guaranteed recovery, now,

that is well within the range of what could have been available to the Class at summary judgment or trial.

## SETTLEMENT ADMINISTRATOR

27. Subject to Court approval, the Settlement Administrator will be ILYM Group, Inc. ("ILYM"), which already served as notice administrator for the certified Class. Class Counsel reviewed proposals from several prominent administrators before selecting ILYM as the administrator for class notice based on overall cost and value to the Class, informed by our experience managing settlements in similar cases against other mortgage servicers. The proposals included provisions for email and postcard notice and maintenance of a case website. ILYM has already successfully completed notice of the certified Class to the Class Members and is maintaining a class website. ILYM can offer Class Members the option to receive their distributions electronically as well as by paper check, which will reduce the cost of administration and increase the speed at which Class Members can be paid.

28. Based on ILYM's proposal, the costs of notice and administration are currently estimated to be approximately $13,650, though this amount may change depending on the rate of digital payment election and notice bounce backs. Based on our initial review of proposals and prior experience, we determined that ILYM's proposal to administer the Settlement was extremely competitive.

## NOTICE PLAN AND SETTLEMENT WEBSITE

29. The Parties' proposed Notice Plan is designed to reach as many Class Members as possible and is the best notice practicable under the circumstances. Within 14

days of preliminary approval, DMI will provide the Settlement Administrator and Class Counsel with an updated spreadsheet containing the names, last known mailing addresses, and last known email addresses of the Class Members.

30. If the Court grants the Preliminary Approval Motion, the Administrator will, within 21 days of entry of the Preliminary Approval Order, email to each potential Class Member with an email address on file a Long Form Notice, attached hereto as Exhibit 1-A, and mail a Postcard Notice, attached hereto as Exhibit 1-B, to any Class Member for whom DMI does not have an email address. The Notices will apprise Class Members of their right to receive their Settlement Payment via an electronic payment method and receive a Secondary Distribution if they choose an electronic payment method.

31. Prior to administering the Email Notice and Postcard Notice, the Settlement Administrator will update the existing website to become the Settlement Website. Class Counsel will ensure that the Settlement Website contains: (1) the Long Form Notice, which Class Counsel will request be made available in HTML format with a clickable table of contents and which will at minimum be available as a downloadable PDF in both English and Spanish; (3) contact information for the Settlement Administrator, and addresses and telephone numbers for Class Counsel and DMI's counsel; (4) the Settlement Agreement; (5) the signed Preliminary Approval Order and publicly filed motion papers and declarations in support thereof; (6) the operative complaint; and (7) when they become available, the Fee and Service Award Application, the motion for entry of the Final Approval Order, and any motion papers and declarations filed publicly in support thereof, along with other important orders of the Court. The Settlement Website will remain

accessible until one hundred twenty (120) days after the Effective Date, or, if the Settlement is terminated or otherwise not approved in full, thirty (30) days after the date on which the Settlement Agreement is terminated or otherwise not approved in full.

32. Class Counsel has also asked that the Settlement Administrator establish a 24-hour toll-free telephone line with information about frequently asked questions about the Settlement. The number will be included in the Class Notice and posted on the Settlement Website.

**CLASS COUNSEL — BAILEY & GLASSER LLP**

33. Bailey & Glasser LLP was founded in 1999 and has an established reputation for successfully prosecuting and defending multimillion-dollar cases, including complex class actions. With seventeen offices across the country from coast to coast, Bailey Glasser lawyers routinely handle high-stakes litigation and other lawyers call upon the firm because of its unique blend of resources and trial experience.

34. Bailey Glasser partner John W. Barrett, who appeared pro hac vice in this matter, was appointed as class counsel in *Krakauer v. Dish Network, L.L.C.*, No. 1:14-cv-00333 (M.D.N.C.) (Eagles, J.), and obtained a jury verdict and judgment on behalf of the certified class, which was affirmed on appeal. 925 F.3d 643 (4th Cir. 2019). Mr. Barrett has assisted in this case with key filings, including the class certification motion, and will assist through resolution.

35. Also appearing from Bailey Glasser pro hac vice is Bart Cohen. Mr. Cohen has been appointed as co-lead counsel in several class actions, including two cases that settled for several million dollars apiece in 2024 alone. *See Barletti v. Connexin Software*

*Inc.*, No. 2:22-cv-04676 (E.D. Pa.); *Your Towne Builders, Inc. v. Manheim Twp.*, 303 A.3d 1126 (Pa. Commw. Ct. 2023).

36. I, James L. Kauffman, am a partner at Bailey Glasser. I am licensed and in good standing to practice law in the State of Florida, State of Arkansas, and District of Columbia. I have been a member of the Arkansas Bar since 2003 after I obtained my J.D. from the University of Florida Levin College of Law in December 2002. For more than 20 years, I have served as class and appellate counsel in a wide variety of cases, including deceptive trade practices, securities fraud, ERISA, and consumer protection.

37. I was part of the plaintiff's lead trial counsel team that represented Rose Chadwick and a certified class of State Farm insureds in Arkansas federal court, *Chadwick v. State Farm Mutual Auto Insurance*, No. 4:21-cv-01121-DPM (E.D. Ark.). After a week-long trial in June 2025, my co-counsel and I secured a plaintiff's verdict on the sole breach of contract claim at issue.

38. I litigated a similar case involving the same payment processing fees ("pay-to-pay fees") at issue here before this Court and I was appointed class counsel in *Pierce v. Statebridge Company, LLC*, No. 1:20-cv-00117 (M.D.N.C.) (Osteen, J.). The *Pierce* matter reached a class settlement that was approved by the Court.

39. I was appointed as lead class counsel in one of the first-filed class action lawsuits in the country to challenge pay-to-pay fees, *Montesi v. Seterus, Inc.*, No. 50-2015-CA-010910-XXXX-MB (Fla. Cir. Ct. Palm Beach Cty.). *Montesi* was heavily litigated and resulted in class certification over the defendant's opposition. It resulted in a $1.75 million class settlement for Florida borrowers.

40. I was appointed as class counsel by district courts in other class actions involving pay-to-pay fees, which obtained settlements that are either pending or approved: *Langston v. Gateway First Bank*, No. 5:20-cv-01902-VAP (C.D. Cal.) (approved); *Elbert v. Roundpoint Mortgage Servicing, Corp.*, No. 3:20-cv-00250-MMC (N.D. Cal.) (approved); *Fernandez v. Rushmore Loan Servicing*, No. 8:21-cv-00621-DOC (C.D. Cal.) (approved); *Phillips v. Caliber Home Loans*, No. 0:19-cv-02711 (D. Minn.) (approved); *Torliatt v. Ocwen Loan Servicing, LLC*, No. 3:19-cv-04303-WHO (N.D. Cal.) (approved); *Lembeck v. Arvest Central Mortgage Co.*, No. 3:20-cv-03277-VC (N.D. Cal.) (approved); *Wilson v. Santander Consumer USA, Inc.*, No. 4:20-cv-00152-KGB (E.D. Ark.) (approved); *Caldwell v. Freedom Mortgage Corp.*, No. 3:19-cv-02193-N (N.D. Tex.) (approved); *Silveira v. M&T Bank*, No. 2:19-cv-06958-ODW (C.D. Cal.) (approved); *Alexander v. Carrington Mortgage Services, LLC*, No. 1:20-cv-2369-TEB (D. Md.) (approved); *Williams v. PHH Mortgage Corp.*, No. 20-cv-04018 (S.D. Tex.) (approved); *McFadden v. Nationstar Mortgage Co. d/b/a Mr. Cooper*, No. 1:20-cv-00166-EGS (D.D.C.) (approved); *Higginbotham v. Bank of America*, No. 2:23-cv-375 (S.D.W. Va.) (approved); *Thacker v. PHH Mortgage Corp.*, No. 5:21-cv-00174-JPB (N.D. W. Va.) (approved); *Six v. Loancare LLC*, No. 5:21-cv-00451 (S.D.W. Va.) (approved); *Prettyman v. US Bank*, No. 5:22-cv-293 (N.D. W. Va.) (approved); and *Williams v. Lakeview Loan Servicing, LLC*, No. 4:20-cv-01900 (S.D. Tex.) (approval pending). In each of these actions, the defendant loan servicers either agreed to continue to offer internet and telephone payment methods free of charge voluntarily or through injunctive relief in the settlement reached.

## CLASS COUNSEL — KLEIN & SHERIDAN, LC PC

41. Klein & Sheridan is a West Virginia and North Carolina law firm dedicated to consumer protection and bankruptcy matters. A copy of the Klein & Sheridan firm resume is attached as Exhibit 6.

42. I, Benjamin M. Sheridan, graduated from the University of South Carolina in 2002 and from the West Virginia University College of Law in 2008. After law school, I obtained an L.L.M. from George Washington University in International and Comparative Law. Thereafter, I returned to work at Legal Aid of West Virginia, where I assisted with client intake, bankruptcy, family law, and consumer protection claims. I worked with Legal Aid of West Virginia from 2010 to 2013, when I entered private practice with Mitchell Klein in the newly formed Klein & Sheridan. I have practiced with Klein & Sheridan for over a decade, focusing on bankruptcy issues, consumer protection claims, and residential construction.

43. I was admitted to the Washington State Bar in 2008, the West Virginia State Bar in 2010, and the North Carolina State Bar in 2017. My practice is currently dedicated to consumer protection, where I exclusively represent consumers and homeowners. I have represented hundreds of consumers in litigation and have assisted thousands of individuals with filing bankruptcy.

44. I am a founding member of the Consumer Law division of the West Virginia Association for Justice and am a member of the Association's Board of Directors. I am one of the founding board members of the Marshall University and West Virginia University joint Consumer Law Committee. I have assisted in organizing events for the AARP's

Money Smart Week and have spoken at CLEs organized on residential construction law, consumer law, and bankruptcy law.

45. The consumer class actions for which I have served as class counsel include, but are not limited to, the following: *Cox v. New Rez, LLC*, No. 3:20-cv-00859 (S.D. W. Va. 2022) (West Virginia consumer class action resulting in $4,500,000 settlement for, *inter alia*, charging pay-to-pay fees); *Keeling v. The Huntington National Bank*, No. 3:23-cv-00352 (S.D. W. Va. 2025) (West Virginia consumer class action resulting in over $700,000 in settlement); *Pierson v. M&T Bank*, No. 2:24-cv-00521 (S.D. W. Va. 2025) (West Virginia consumer class action resulting in $1,900,000 settlement); *Baldwin v. Clearfiber, Inc.*, No. CC-31-2023-C-61 (Cir. Ct. Monongalia Cty., W. Va. 2025) (West Virginia consumer class action resulting in $300,000 settlement for defrauded internet customers); and *Pierce v. Statebridge Company, LLC*, No. 1:20-cv-00117 (M.D.N.C.) (North Carolina consumer class on pay-to-pay fees resulting in $40,380 distribution to consumers for those fees).

46. Klein & Sheridan partner Jed Nolan also serves as counsel in this matter. Mr. Nolan received a B.A. from Marshall University, *magna cum laude*, in 2005 and graduated from the West Virginia University College of Law in 2008. After clerking for the Honorable Lawrance Miller of the Circuit Court of Preston County, West Virginia, Mr. Nolan joined Legal Aid of West Virginia, Inc., from 2009 through May 2013. From June 2013 through October 2017, Mr. Nolan was employed by Hamilton Burgess Young & Pollard, PLLC, as an associate and partial member. From October 2017 through October 2019, Mr. Nolan worked for the non-profit Mountain State Justice, Inc. Mr. Nolan currently

works part-time as a Director of the West Virginia University College of Law's Veterans Advocacy Law Clinic. Mr. Nolan was admitted to the West Virginia Bar in October 2008 and the North Carolina Bar in January 2021. Mr. Nolan concentrates his practice in consumer finance matters and is focused on protecting consumers. He is a member of the Consumer Law division of the West Virginia Association of Justice, where he also serves on the Board of Directors. Mr. Nolan has lectured on consumer protection matters during the West Virginia Attorney General's Money Smart Week in April 2011 and April 2012, as well as to the Legal Service Corporation Collaborative Committee on Regional Trainings among West Virginia, Ohio, and Michigan Legal Aid services. Mr. Nolan has been a featured speaker at the National Association of Consumer Advocates in May 2017 and May 2019. The consumer class actions for which Mr. Nolan has served as class counsel include *Cox v. New Rez, LLC*; *Keeling v. Huntington National Bank*; *Pierson v. M&T Bank*; and *Baldwin v. Clearfiber, Inc.* (each cited above).

**CLASS COUNSEL — TYCKO & ZAVAREEI LLP**

47. Tycko & Zavareei LLP ("TZ") was founded in 2002 and has established a long and successful record of litigating complex cases. With offices in Washington, D.C., Oakland, California, and Los Angeles, California, TZ lawyers routinely handle large and complex matters throughout the country. TZ lawyers have achieved remarkable results through trials and settlements in landmark cases of great public interest. TZ's settlements have netted its clients hundreds of millions of dollars in monetary relief, and changes in practices by banks, mortgage servicers, and other businesses that have real impacts on the day-to-day lives of consumers. A copy of the TZ firm resume is attached as Exhibit 7.

48. TZ has held numerous leadership roles in high-stakes class action litigation, including leadership roles in certified class actions against national and regional banks for transaction fees, class actions against mortgage servicers for pay-to-pay fees, class actions involving product labeling and defects, class actions for TCPA violations, and consumer privacy class actions. For instance, as co-lead counsel in *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422 (S.D. Cal. 2018), TZ secured a class action settlement valued at $66.6 million along with $1.2 billion in injunctive relief, a result the court described as a "remarkable" accomplishment achieved through "tenacity and great skill." *Id.* at 432. TZ's founding partner, Hassan Zavareei, who has also worked on this case, was recently named a Law360 Titan of the Plaintiffs Bar in recognition of his impact on consumer class actions.

49. TZ has been named class counsel and settlement class counsel and achieved excellent results for consumers in many cases filed in state and federal court, including pay-to-pay fee cases. In the pay-to-pay space, TZ was appointed settlement class counsel in *McFadden v. Mr. Cooper*, No. 20-cv-0166 (D.D.C.) (settled for $3.5 million common fund); *Thomas-Lawson v. Carrington Mortgage Servs., LLC*, No. 20-cv-7301 (C.D. Cal.) (settled along with *Alexander v. Carrington Mortgage Servs., LLC*, No. 20-cv-0250 (D. Md.) for $18 million common fund); *Elbert v. Roundpoint Mortgage Co.*, No. 20-cv-0250 (N.D. Cal.) (settled for $1.6 million common fund); *Bingham v. Caliber Home Loans*, No. 20-cv-0338 (M.D.N.C.) (settled for $5 million common fund along with *Phillips v. Caliber Home Loans*, No. 19-cv-2711 (D. Minn.)); *Fernandez v. Rushmore*, No. 12-cv-0621 (C.D. Cal.) (settled for $1.6 million common fund); *Silveira v. M&T Bank*, No. 19-cv-6958 (C.D. Cal.) (settled for $3.3 million common fund); and *Lembeck v. Arvest Central Mortgage*

*Co.*, No. 20-cv-3277 (N.D. Cal.) (settled for $1.47 million common fund).

50. TZ has also been appointed settlement class counsel and achieved excellent results for classes of consumers in numerous other kinds of cases. *See, e.g., Dusko v. Delta Air Lines*, No. 1:20-cv-01664-ELR (N.D. Ga.) ($27.3 million class settlement for failure to provide promised refunds); *Lash Boost Cases*, No. CJC-18-004981 (Cal. Super. Ct.) ($38 million class settlement in litigation involving eyelash growth serum); *Wang v. StubHub, Inc.*, No. CGC-18-564120 (Cal. Super. Ct.) (class settlement that provided up to $20 as a cash option, or the option of a pro rata share of a $20 million credit common fund in false advertising case); *Wallace v. Wells Fargo & Co.*, No. 17-CV-317775 (Cal. Super. Ct.) ($10 million class settlement in overdraft fee litigation); *Simmons v. Apple Inc.*, No. 17-CV-312251 (Cal. Super. Ct.) ($9.75 million settlement); and *In re GEICO Insurance Co. Litig.*, No. 4:19-cv-03768-HSG (N.D. Cal.) (multi-million-dollar settlement in case alleging breach of insurance contract).

51. I, Katherine M. Aizpuru, am a Partner in TZ's Washington, D.C. office. I am a member in good standing of the bars of the District of Columbia, the Commonwealth of Massachusetts, and the State of New York, as well as numerous federal courts. I earned my J.D. from Harvard Law School, *cum laude*, in 2014. I received my Bachelor of Arts degree, with High Honors, from Swarthmore College in 2010. After law school, I clerked for the Honorable Catherine F. Easterly of the District of Columbia Court of Appeals from 2014 to 2015, and for the Honorable Theodore D. Chuang of the U.S. District Court for the District of Maryland from 2016 to 2017. From 2017 to 2021, I was an Associate at TZ. In 2021, I joined the U.S. Department of Justice, where I represented the United States in

commercial litigation and bankruptcy matters, and obtained favorable settlements that saved taxpayers millions of dollars. In 2022, I joined the Division of Financial Practices at the Federal Trade Commission. I returned to TZ as a Partner in 2024.

52. I dedicate my practice to advocating for consumers and representing whistleblowers who expose fraudulent practices. During my eleven years of practice, I have litigated a wide array of class actions, including for breach of contract, consumer protection, product defect, privacy, false advertising, and more. In particular, I have significant experience litigating cases involving pay-to-pay fees. I am currently a lead attorney on the following pay-to-pay fee cases: *Allard v. PHH Mortgage Corp.*, No. 1:23-cv-1040 (D.N.J.); *Alvarez v. NewRez LLC*, No. 4:24-cv-3597 (S.D. Tex.); *Bell v. Select Portfolio Servicing, Inc.*, No. 1:25-cv-0004 (M.D.N.C.); *Cornish-Scott v. Potomac Electric Power Co.*, No. 2025-CAB-3344 (D.C. Sup. Ct.); *DeSimone v. Select Portfolio Servicing, Inc.*, No. 20-cv-3837 (E.D.N.Y.); *Hardnett v. Select Portfolio Servicing, Inc.*, No. 1:24-cv-1534 (D.D.C.); *Johnson v. Select Portfolio Servicing, Inc.*, No. 24-cv-1990 (D. Or.); and *Williams v. Pennymac Loan Services LLC*, No. 1:25-cv-00276 (M.D.N.C.). From 2019 to 2021, as an Associate at TZ, I served as active counsel of record in *McFadden*, *Thomas-Lawson*, *Elbert*, *Bingham*, *Fernandez*, *Silveira*, and *Lembeck*. I was heavily involved in briefing substantive motions and discovery, as well as managing the day-to-day litigation responsibilities of those files. My work on those files led directly to the results achieved for consumers.

53. In addition to pay-to-pay cases, I have significant experience in other complex class actions. I was recently appointed interim co-lead class counsel in *In re*

*Kalshi Sports Prediction Markets Litig.*, No. 1:24-cv-0306 (S.D.N.Y.). Courts have appointed me to leadership roles on the plaintiffs' executive committees in the following consolidated litigations: *Smith v. Effortless Office Enterprises, LLC*, No. 25-cv-1123 (D. Nev.); *Reichbart v. Financial Business & Consumer Solutions, Inc.*, No. 2:24-cv-1876 (E.D. Pa.); *Wilson v. Frontier Communications Parent Inc.*, No. 3:24-cv-1418 (N.D. Tex.); *In re: Lurie Children's Hospital Data Security Litigation*, No. 1:24-cv-5503 (N.D. Ill.); and *Wahab v. Boston Children's Health Physicians, LLP*, No. 73692/2024 (N.Y. Sup. Ct.). My other notable class action experience includes representing classes of consumers in cases that led to significant relief. *See, e.g., Farrell v. Bank of America*, No. 16-cv-0492 (S.D. Cal.) (settlement valued at $66.6 million plus injunctive relief over $1.2 billion); *Wang v. StubHub, Inc.*, No. CGC-18-56412 (Cal. Sup. Ct., S.F. Cnty.) (settlement valued over $20 million); *Roberts v. Capital One Financial Corp.*, No. 16-cv-4841 (S.D.N.Y.) ($17 million common fund); *Lambert v. Navy Federal Credit Union*, No. 19-cv-0103 (E.D. Va.) ($16 million common fund); and *Smith v. Fifth Third Bank*, No. 18-cv-0464 (S.D. Ohio) ($5.2 million common fund). I was named a SuperLawyers Rising Star in 2020, 2021, and 2025.

54. I am assisted on this matter by Robin Bleiweis, a Public Interest Fellow at TZ. Ms. Bleiweis earned her law degree with honors from the University of North Carolina School of Law in 2024. Since joining TZ, Ms. Bleiweis has gained experience on pay-to-pay cases, including this one, and developed expertise in North Carolina debt collection law.

**COLLECTIVE EXPERIENCE AND RESOURCES**

55. Class Counsel collectively have decades of experience litigating consumer

class actions against financial institutions and have litigated and settled dozens of class actions involving improper fees, including pay-to-pay fees specifically. Class Counsel entered the mediation sessions in this case fully informed of the merits of the Class's claims, of the strengths and weaknesses of the Parties' respective positions, and of the range of reasonable outcomes in comparable cases. In our collective professional judgment, the Settlement is fair, reasonable, and adequate, and represents an excellent result for the Class.

56. Plaintiff George Custer has been involved with the litigation since its inception. He has assisted in initial factual investigation, reviewed pleadings, searched for and produced documents, responded to interrogatories and requests for admission, and prepared and sat for a deposition. He drove an hour each way to and from the nearest city with reliable internet, Clayton, Georgia, to prepare and sit for his deposition. He has been in frequent contact with Class Counsel throughout the case.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6TH day of May, 2026.

*/s/ Katherine M. Aizpuru*
Katherine M. Aizpuru
TYCKO & ZAVAREEI LLP

*/s/ James L. Kauffman*
James L. Kauffman
BAILEY & GLASSER LLP

*/s/ Benjamin M. Sheridan*
Benjamin M. Sheridan
KLEIN & SHERIDAN, LC PC

*Counsel for Plaintiff and the Class*