IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GEORGE CUSTER,<br><br>Plaintiff,<br><br>v.<br><br>DOVENMUEHLE MORTGAGE INC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:24-CV-306 |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Senior District Judge.

In this consumer protection class action, the plaintiff, George Custer, brought suit against the defendant, Dovenmuehle Mortgage, Inc. ("DMI"), challenging fees charged for making mortgage loan payments over the phone. Mr. Custer contends that the pay-to-pay fees violate the North Carolina Debt Collection Act and the North Carolina Unfair and Deceptive Trade Practices Act. After the Court certified a class covering both causes of action, the parties agreed to settle the case. In June 2026, the Court preliminarily approved the proposed settlement agreement, ordered settlement notice be provided to the class members, and set a date for a final settlement fairness hearing. Notice has been given to the class, and Mr. Custer has moved for final approval of the settlement under Federal Rule of Civil Procedure 23.

The final settlement fairness hearing was held on November 5, 2026. The Court has considered the record, including, *inter alia*, the lack of objections and opt-outs by any class members, the proposed settlement agreement, the supporting documents, and the

statements of counsel during the final settlement hearing and previous hearings. The Court finds that the proposed settlement meets the requirements of Rule 23.

## I. Background

The named plaintiff and class representative, George Custer, owns real property in North Carolina subject to a mortgage loan on which he makes monthly payments. Doc. 44-1 at 35, 39. DMI collects a fee from residential mortgage borrowers when they pay their mortgage by phone. *Id.* at 58, 308; Doc. 59 at 8, 13–14. DMI charges a $9.50 "pay-to-pay fee" when a borrower pays by phone using interactive voice recognition and $11.50 when a borrower pays by phone using a live agent. Doc. 44-1 at 308. Mr. Custer sued DMI on behalf of himself and a class, asserting that DMI cannot lawfully collect this fee and that this practice violates the North Carolina Debt Collection Act ("NCDCA") and the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). Doc. 1 at ¶¶ 1–6.

After the Court denied DMI's motion to dismiss, Doc. 23, Mr. Custer moved for certification of one class covering both counts. The Court granted the motion and certified a class under Rule 23(b)(3). Doc. 74. The class certified is: "All persons (1) with a residential mortgage loan securing a property in North Carolina, (2) serviced or subserviced by DMI, (3) and who paid a pay-to-pay fee to DMI when making a payment on their mortgage by telephone or an Interactive Voice Response system between April 10, 2020, and January 13, 2026." *Id.* at 16; Doc. 77 at 1–2. The class administrator sent notice as approved by the Court to class members. Doc. 84-1 at ¶¶ 5–8.

In March 2026, while motions for summary judgment were pending, the parties participated in two full-day mediations with a retired federal judge. Doc. 106-1 at ¶¶ 22–23. On March 30, 2026, the parties settled. Doc. 86. On May 6, 2026, the plaintiffs moved for preliminary approval of the class action settlement. Doc. 92. DMI did not oppose the motion for preliminary approval. After additional submissions, *see* Docs. 94, 95, the Court granted the motion preliminarily approving the settlement, appointing a settlement administrator, and entering a schedule. Doc. 96. Settlement notice was sent by mail or email to class members based on DMI's records, and 99.76% of class members received notice. Doc. 101-1 at ¶¶ 5, 8, 11. The settlement administrator has also maintained the class website with updated documents and a toll-free helpline. *Id.* at ¶ 7; Doc. 106-1 at ¶ 36. No class member opted-out of the settlement or objected to the settlement. Doc. 101-1 at ¶¶ 12–13.

The Court held the final fairness hearing on November 5, 2026. Minute Entry 11/05/2026. Class counsel reviewed the settlement and summarized why the settlement was fair and reasonable. DMI was present through counsel. *Id.* It confirmed various details provided by plaintiff's counsel and did not object to settlement approval. No class member attended the hearing.

## II. Approval of Final Settlement

"It has long been clear that the law favors settlement." *United States v. Manning Coal Corp.*, 977 F.2d 117, 120 (4th Cir. 1992). This is particularly true in class actions. *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) (noting the "strong judicial policy in favor of settlements, particularly in the class action context");

*Reed v. Big Water Resort, LLC*, No. 14-CV-1583, 2016 WL 7438449, at *5 (D.S.C. May 26, 2016) (quoting same); William B. Rubenstein, 4 *Newberg & Rubenstein on Class Actions* § 13.44, n.1 (6th ed. 2026) (collecting cases); *Glymph-Dozier v. Grapevine of N.C., Inc.*, No. 21-CV-748, 2023 WL 3020877, at *4 (M.D.N.C. Apr. 20, 2023).

Courts may approve a class settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "In applying this standard, the Fourth Circuit has bifurcated the analysis into consideration of fairness, which focuses on whether the proposed settlement was negotiated at arm's length, and adequacy, which focuses on whether the consideration provided the class members is sufficient." *Roldan v. Bland Landscaping Co.*, No. 20-CV-276, 2022 WL 17824035, at *2 (W.D.N.C. Dec. 19, 2022) (cleaned up); *see also Beaulieu v. EQ Indus. Servs., Inc.*, No. 6-CV-400, 2009 WL 2208131, at *23 (E.D.N.C. July 22, 2009) (citing, *e.g.*, *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991)). The Court acts as a fiduciary of the class members. *Sharp Farms v. Speaks*, 917 F.3d 276, 293–94 (4th Cir. 2019); *1988 Tr. for Allen Child. Dated 8/8/88 v. Banner Life Ins. Co.*, 28 F.4th 513, 525 (4th Cir. 2022).

**A. Fairness**

The fairness analysis aims "to ensure that a settlement is reached as a result of good-faith bargaining at arm's length, without collusion." *Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015) (cleaned up). Courts apply a four-factor test to determine the fairness of a proposed settlement: "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of [law at

issue].” *In re Jiffy Lube*, 927 F.2d at 158–59; *see also 1988 Tr.*, 28 F.4th at 525 (applying same standard).

All four fairness factors support final approval. Mr. Custer brought this action in April 2024, and the parties vigorously represented their interests in multiple motions, including a motion to dismiss, motion for class certification, and motions for summary judgment. Docs. 23, 54, 60, 74. The parties completed discovery and participated in multiple mediation sessions. Doc. 106-1 at ¶¶ 17, 22–23. Through formal discovery, class counsel gained an understanding of the evidence in this case and could participate in an informed settlement negotiation. Doc. 93-1 at ¶ 19. Class counsel has extensive experience in class action litigation. Doc. 74 at 15; Doc. 106-1 at ¶¶ 43–65. The parties also engaged in settlement negotiations at arm’s length. *See* Doc. 106-1 at ¶¶ 22–25. The parties negotiated with the assistance of a retired judge, across two full-day sessions and over the span of a month before reaching a settlement on March 30, 2026. *Id.*

The Court finds that the final settlement was reached fairly.

**B. Adequacy and Reasonableness**

Courts assess the adequacy of a settlement through the following factors:

> (1) the relative strength of the plaintiffs’ case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement.

*In re Jiffy Lube*, 927 F.2d at 159; *see also 1988 Tr.*, 28 F.4th at 526 (applying same factors). The first two factors are the most important. *Sharp Farms*, 917 F.3d at 299. In

assessing reasonableness, the Court examines "the amount of the settlement" and "ensures that the amount on offer is commensurate with the scale of the litigation and the plaintiffs' chances of success at trial." *1988 Tr.*, 28 F.4th at 527.

The relevant adequacy and reasonableness factors support final approval. DMI has asserted a number of defenses, including that recovery is foreclosed under the NCDCA because N.C. Gen. Stat. § 24-9 authorized the fees in question, that statutory damages must be reduced based on its reliance on legal advice from counsel and its financial situation, and that evidence showed that the fees were not unfair or deceptive because they were fully disclosed to borrowers. Doc. 93 at 22–23. As class counsel acknowledges, there are risks associated with bringing this case to trial. Doc. 106-1 at ¶ 35. The risks included adverse summary judgment rulings, adverse trial rulings, a low statutory damages award, and an unfavorable result on appeal. *Id.*

The proposed settlement provides a good recovery for the settlement class. DMI agrees to pay a settlement fund of $9,000,000. Doc. 93-2 at ¶ 5.1. This amount represents approximately $670 per fee paid by class members, which is above the statutory floor of $500 per violation set by the NCDCA. Doc. 106-1 at ¶ 31. After subtracting other costs from the settlement fund, the parties estimate that class members will receive approximately $425 per pay-to-pay fee paid to DMI. Doc. 95-1 at p. 11 ¶ 3(1). The settlement also offers a form of injunctive relief, as DMI agrees to stop collecting pay-to-pay fees for a period of at least five years after the effective date of the settlement, absent a change in the law authorizing such charges. Doc. 93-2 at ¶ 5.3.

Class counsel, who has worked on multiple class actions challenging consumer fees, believes that the results of this settlement are outstanding. Doc. 106-1 at ¶ 34.

The notice sent to class members detailed the process to opt-out of the settlement and the process to object to the settlement. Doc. 101-1 at p. 8. No class member has filed an objection or opted-out. *Id.* at ¶¶ 12–13. This is further evidence that the settlement is fair, reasonable, and adequate.

**III. Sufficiency of Notice**

"In the context of a class action, the due process requirements of the Fifth Amendment require reasonable notice combined with an opportunity to be heard and withdraw from the class." *Domonoske v. Bank of Am., N.A.*, 790 F. Supp. 2d 466, 472 (W.D. Va. 2011) (cleaned up). Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court approved a notice plan likely to give fair notice to class members. Doc. 96 at ¶¶ 7–8. The class notice itself informed the settlement class members of the substantive terms of the agreement and their rights under it, and it provided a website address where all material documents were available. *See* Doc. 101-1 at p. 8. The notice specifically advised settlement class members of a toll-free helpline number, of their opportunity to opt-out or object to the settlement, and about attorneys' fees and the

fairness hearing. *Id*. The proposed notice was clear and provided class members with sufficient information about the settlement agreement and their rights under it. *Id*.

Settlement notice was sent by mail and email to class members based on DMI's records, which were highly likely to be up-to-date and accurate given the nature of the dispute, and 99.76% of class members received notice. *Id*. at ¶¶ 5, 8, 11. The settlement administrator has also maintained the class website with updated documents and a toll-free helpline. *Id*. at ¶ 7; Doc. 106-1 at ¶ 36. No class member opted-out of the settlement or objected to the settlement. Doc. 101-1 at ¶¶ 12–13.

## IV. Approval of Plan of Allocation

Like the settlement, the proposed plan of allocation must also be fair, reasonable, and adequate. *In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 258 (E.D. Va. 2009). In this analysis, courts give "significant respect" to the opinion of class counsel, and "the allocation need only have a reasonable and rational basis." *Id.*; *accord Phillips v. Triad Guar. Inc.*, No. 9-CV-71, 2016 WL 1175152, at *4 (M.D.N.C. Mar. 23, 2016).

Here, the plan of allocation, Doc. 93-2 at ¶¶ 7.1, 7.3, 8.5, goes well beyond this minimal standard. Class members will be paid a *pro rata* share of the settlement fund based on the number of pay-to-pay fees paid by each class member, without consideration of interest. *Id*. at ¶ 7.1. Co-borrowers are to be treated as a single settlement class member and will receive a single, shared settlement payment. *Id*. at ¶ 7.3. After subtracting other costs, the parties estimate that class members will receive approximately $425 per pay-to-pay fee paid to DMI. Doc. 95-1 at p. 11 ¶ 3(1). Settlement class members are only entitled to one total settlement payment, but there may

be a secondary distribution to settlement class members if the cost to do so is not prohibitive. Doc. 93-2 at ¶ 7.6(f). No class member objected to the plan. The Court finds the Plan of Allocation is fair, reasonable, and adequate.

## V. Class Action Fairness Act

As required by 28 U.S.C. § 1715(b), within 10 days of a proposed settlement of a class action being filed in court, each defendant must serve upon appropriate state and federal officials notice of the proposed settlement. The settlement administrator sent the required notices on May 15, 2026. Doc. 100-1 at ¶ 2. No attorney general objected. *Id.* at ¶ 3.

## VI. Conclusion

Final certification of the class and approval of the class action settlement is appropriate. The requirements of Rule 23 are met, and settlement is in the best interests of the class members. Final judgment is entered concurrently.

It is **ORDERED** that:

1. The plaintiff's motion to approve settlement, Doc. 105, is **GRANTED.**
2. The Administrator **SHALL** make settlement disbursements to class members within fourteen (14) days of the Effective Date, as described in the Settlement Agreement.
3. Class Counsel **SHALL** file a report with the Court, and serve a copy on DMI's counsel, detailing the distribution of the Settlement Fund twelve (12) months after the Final Approval Order is entered, or thirty (30) days after distribution of the Settlement Fund is completed, whichever is later.

4. The plaintiff and all class members are deemed to have completely released and forever discharged the Released Parties for the Released Claims. The full terms of the release described in this paragraph are set forth in the Settlement and are specifically incorporated herein by reference.

5. The Court retains continuing jurisdiction over the Settlement, the administration of the Settlement Agreement, and any disputes arising out of or related to the Settlement or this Order.

This the 9th day of November, 2026.

SENIOR UNITED STATES DISTRICT JUDGE